## VOLTZ, Tee et v GEERER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12589.  Decided Feb 3, 1933

Robert A. Good, Cleveland, and Charles H. Patterson, Cleveland, for plaintiff in error.

Hawley & Gilson, Cleveland, for defendant in error.

**MIDDLETON, J.**

We do not regard it necessary to give in detail all of the facts in evidence. The Municipal Court on hearing the evidence dismissed the plaintiff's claim and found in favor of the defendant. It is sufficient to say that the evidence fully sustains that action by the trial court. The original contract of subscription when presented in evidence bore on its face the indorsement "Cancelled 6-28-1922." It further appeared from the evidence adduced by plaintiff that the rules of the company at the time this subscription was taken authorized a bonus of two shares of the common par stock for subscribers in the amount of the subscription of Geerer when the same was fully paid.

It is the contention of the trustee that the oral testimony of Geerer was not competent for the reason that it was an attempt to change or modify the provisions of the written contract. We do not question the general rule that the provisions of a written contract may not be changed by oral evidence in the absence of fraud, but in the instant case the testimony of Geerer was competent to explain the reason for the cancellation of the contract, which contract on its face was not a subsisting contract. His testimony, therefore, was explanatory of the action of the company in its disposition of the contract, and such disposition was in itself an admission by the company that the contract for some reason had been procured in an unlawful way. The trustee on his part submitted no evidence in explanation of the condition in which the contract then appeared. Geerer established the fact that his initial payment had been returned to him, and also he further stated that the return and cancellation of the contract was promised to him within sixty days from the day he signed the same.

We are unable to find any ground on which the trustee in an action of this kind may recover on this contract. Assuming that the defendant's oral testimony was not competent, and that his mouth is closed, it is manifest that to justify a judgment against him the trustee must show that the paper writing on which he expects to recover a judgment is a continuing and subsisting contract. When it appears that it was cancelled seven years prior to the adjudication of bankruptcy and was signed ten years prior to the bringing of the action such circumstances speak for themselves. We know of no rights of creditors of a corporation which may be affected by the cancellation of a contract of subscription made under such circumstances as the foregoing and when the evidence tends to show that such subscription was fraudu-

lently secured by its agent. It is apparent from any aspect of this case and under the present state of the evidence that in an action at law the trustee can have no relief.

We conclude, therefore, that the lower court properly dismissed the action and its judgment is affirmed.

MAUCK, PJ, and BLOSSER, J, concur.